IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE T. MOTEN,

    Plaintiff,                       CV F 07 0924 AWI WMW PC

    vs.                            ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT

                                     (THIRTY DAY DEADLINE)

DARREL ADAMS, et al.,

    Defendants.

     Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

     This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison.

     Plaintiff's  claims in this complaint relate to the conditions of his confinement.  Plaintiff alleges that the cooling system is deficient, resulting in cell temperatures of 90 to 100 degrees. Regarding this claim, the court finds that Plaintiff states a claim as to Defendant Doe.

     As to Defendants Adams and Woodford,  liability may be imposed on supervisory

1

1  defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of
2  constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.
3  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir.
4  1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated
5  in, or knew of and failed to prevent, the alleged wrongs.

6  As to the Doe defendant, the court can not order service upon an unidentified defendant.
7  Plaintiff must identify defendant Manager of Plant Operations in order for the court to order
8  service of process.

9  Plaintiff also sets forth allegations regarding the unauthorized taking of personal property.
10 Where a prisoner challenges the deprivation of a liberty or property interest, caused by the
11 unauthorized negligent or intentional action of a prison official, the prisoner cannot state a
12 constitutional claim where the state provides an adequate post-deprivation remedy. See
13 Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984);
14 Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929
15 F.2d 478, 481 (9th Cir. 1991); Taylor v. Knapp, 871 f.2d 803, 805 (9th Cir. 1989). This rule
16 applies to the Fifth Amendment's Due Process Clause as well. Raditch, 929 F.2d at 481. Thus,
17 where the state provides a meaningful postdeprivation remedy, only authorized, intentional
18 deprivations constitute actionable violations of the Due Process Clause.

19 Plaintiff also alleges that he is being denied the opportunity to freely exercise his religious
20 beliefs. Plaintiff specifically alleges that he is being denied a religious diet. Plaintiff does not,
21 however, identify any individual who is depriving Plaintiff of his diet. Plaintiff refers to staff in
22 general, but fails to specifically charge any individual defendant with that conduct.

23 The court finds the allegations in plaintiff's complaint vague and conclusory. The court
24 has determined that the complaint does not contain a short and plain statement as required by
25 Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint
26

must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

1  docket number assigned this case and must be labeled "First Amended Complaint." Failure to
2  file an amended complaint in accordance with this order will result in a recommendation that this
3  action be dismissed.

6  IT IS SO ORDERED.

7  **Dated:   April 28, 2008**              /s/  William M. Wunderlich
                                          UNITED STATES MAGISTRATE JUDGE