IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE T. MOTEN,

        Plaintiff,             CV F 07 0924  AWI WMW PC

  vs.                          FINDINGS AND RECOMMENDATION RE MOTION
                                 FOR INJUNCTIVE RELIEF (DOC 29)

DERRAL ADAMS, et al.,

        Defendants.

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis in a civil rights action, has filed a motion for preliminary injunctive relief.  Specifically, Plaintiff seeks an order compelling prison officials at CSATF Corcoran to provide him with law library access.

      The purpose of a preliminary injunction is to preserve the status quo of the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips in its favor." Arcamuzi v. Continental Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction

1

should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id.

A preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently.  A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question.  Rivera v. Freeman, 469 F.2d 1159, 1162-63 (9th Cir. 1972).

On April 28, 2008, an order was entered, dismissing the complaint and granting Plaintiff leave to file an amended complaint.  On May 28, 2008, Plaintiff was granted a thirty day extension of time.   Because there is no operative pleading, Plaintiff can not show the probability of success on the merits.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1 | IT IS SO ORDERED.

2 | **Dated:** **June 19, 2008**                              **/s/  William M. Wunderlich**
                                                              UNITED STATES MAGISTRATE JUDGE