UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE T. MOTEN,<br><br>          Plaintiff,<br><br>    v.<br><br>DARREL ADAMS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO.   1:07-cv-924-AWI-MJS (PC)<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 39)<br><br>SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## **SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On June 27, 2007, Plaintiff Jesse Moten, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff's original Complaint was dismissed on April 28, 2008 for failure to state a claim.  (ECF No. 17.)  Plaintiff was given leave to amend.  Now pending is Plaintiff's First Amended Complaint filed August 27, 2009.  (ECF No. 39.)

For the reasons set forth below, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.  After the issuance of the first screening order, there was a "significant change" in the pleading standard to which Plaintiff's complaint is held.  Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009).  Due to this change and because it appears Plaintiff may be able to cure the deficiencies with respect to some of his claims, the Court will grant Plaintiff one final

opportunity to amend. Moss, 572 F.3d at 972; Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## III.  PLAINTIFF'S CLAIMS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

In his Amended Complaint, Plaintiff alleges that his constitutional rights were violated in a variety of ways. Each alleged violation is addressed below.

### A. Excessive Force

Plaintiff alleges that Defendants J. Gonzales, A. Bowman, T. Cogdil, and D. Valtieira violated his Eighth Amendment right to be free from excessive force by assaulting him on March 2, 2006. The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff alleges that he exchanged harsh words with Gonzales during a routine pat-down search. Thereafter, while Plaintiff was still in a "secured search position," Gonzales slammed Plaintiff's head and body to the ground. While Plaintiff was on the ground, Defendants Bowman, Cogdil, and Valtierira did "knee-dives" into Plaintiff's back, head, and neck areas. (Complaint at 3-1.)

The Court finds that Plaintiff's Amended Complaint fails to state a cognizable claim for excessive force. Plaintiff fails to allege sufficient facts to support a claim that Defendants used force maliciously and sadistically to cause harm rather than in a good-fath effort to restore discipline. The Amended Complaint is devoid of any facts describing what preceded the use of force, leaving the Court unable to determine on

screening whether or not the use of force may have been excessive. Plaintiff fails to provide particular facts as to what constituted the "exchange of words" with Defendants prior to the use of force and fails to describe the general atmosphere at the prison during this physical exchange (e.g., Was there a security alert? How were other prisoners around Plaintiff behaving?). To state a claim Plaintiff must plead facts showing that the Defendants' use of force was malicious and sadistic and not simply undertaken in an effort to restore order. The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim.

### B.   Denial of Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show: (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v.

County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A plaintiff must allege sufficient facts to support a claim that "the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

The Court finds that Plaintiff's allegations in the Amended Complaint fail to state a claim for violation of his Eight Amendment rights.  Plaintiff provides a chronology of the care he received while in prison, and it does suggest periods of time when his medical needs may have gone unaddressed.  However, Plaintiff's allegations with respect to his medical condition are too vague to allow the Court to determine whether Plaintiff suffered from a serious medical condition and "deliberate indifference" to it or "conscious disregard of an excessive risk" to Plaintiff.  He describes his symptoms, but never states what his condition actually was.  For example, he alleges that he had surgery performed but nowhere says hat type of surgery was performed, why it was necessary, or the outcome of that surgery.  He sets forth no facts to support a claim that Defendants acted deliberately to harm him or in conscious disregard of the likelihood their treatment might do so..

Plaintiff also has failed to provide facts showing that delay in providing care resulted in further harm to him.  Plaintiff alleges that Defendants allowed a "uro-infection to fester and morph into a life-threatening illness, that require [sic] life-time treatment." (Am. Compl. at 3-10.)  This statement fails to provide adequate detail regarding what Plaintiff's medical condition was (or is) and how it was worsened by the delay in providing care.

Moreover, Plaintiff is required to show that the named Defendants knew that he suffered from a serious medical condition and were deliberately indifferent to that condition.

The complaint does not set forth sufficient facts linking any of the named Defendants to the violation of Plaintiff's constitutional rights because Plaintiff's allegations do not show more than the mere possibility of misconduct; that is not sufficient to state a claim. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Because it appears that Plaintiff may be able to cure the deficiencies noted above, the Court will grant Plaintiff another opportunity to amend this claim.

### C. Due Process in the Prison Grievance System

In conjunction with the above-discussed events of physical abuse and medical treatment, Plaintiff filed a number of grievances through the prison grievance system. Plaintiff brings claims against Defendants Kavanaugh, Hall, Campbell, Johnson, Parker, Withford, and Pugliese arising out of their participation in the processing of his grievances. Specifically, Plaintiff alleges that the manner in which these Defendants processed and/or answered his grievances violated his due process rights, denied him equal protection, and failed to provide him unbiased review. (Am. Compl. at 3-8 & 3-10.)

A prison's grievance process "is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). An improperly processed inmate grievance does not give rise to a protected liberty interest that implicates the protections of the Fourteenth Amendment. See Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, even if Plaintiff is able to prove that his constitutional rights were violated, he does not have a cause of action against those persons whose only involvement in the constitutional violation was to reject his inmate appeal. "A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed action of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).

Because Plaintiff's only allegations against Defendants Kavanaugh, Hall, Campbell, Johnson, Parker, Withford, and Pugliese are that they were involved with denying his inmate grievances, he has failed to state a claim against these Defendants.

### D. Due Process in Connection with Plaintiff's Classification Hearing

1    Plaintiff alleges that his due process rights were violated during his classification
2 hearing. (Complaint at 3-9.) Specifically, Plaintiff alleges that he was not allowed seventy-
3 two hours to prepare and was not allowed to interview his assigned "I.E.".

4    The Due Process Clause protects prisoners from being deprived of liberty without
5 due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a
6 cause of action for deprivation of procedural due process, a plaintiff must first establish the
7 existence of a liberty interest for which the protection is sought. Liberty interests may arise
8 from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460,
9 466-68 (1983).

10    The Due Process Clause itself does not confer on inmates a liberty interest in a
11 particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). The
12 existence of a liberty interest created by state law is determined by focusing on the nature
13 of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests
14 created by state law are generally limited to freedom from restraint which "imposes atypical
15 and significant hardship on the inmate in relation to the ordinary incidents of prison life."
16 Sandin, 515 U.S. at 484.

17    In this case, Plaintiff fails to allege a liberty interest for which protection is being
18 sought. He claims that his classification hearing was flawed and that he did not have
19 adequate time to prepare. But he does not state how his classification hearing, and
20 presumably the resulting classification, deprived him of a liberty interest. The Amended
21 Complaint contains no allegations whatsoever with respect to the harm these alleged due
22 process violations caused him. Accordingly, Plaintiff has failed to state a claim for a
23 violation of due process in connection with his classification hearing.

24    **E.    Deprivation of Property Without Due Process**

25    Plaintiff alleges that Defendant J. Yale seized his personal property without due
26 process and in violation of the law. (Am. Compl. at 3-3–3-4.) Specifically, Plaintiff alleges
27 that Yale wrongfully seized his television, electric razor, photographs, medical appliances,
28 food, cosmetics, reading material, and legal material as retribution for Plaintiff filing

complaints against jail personnel.

Where a prisoner challenges the deprivation of a liberty or property interest, caused by the unauthorized negligent or intentional act of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991). This rule applies to due process violations alleged under both the Fourteenth Amendment and the Fifth Amendment. See Raditch, 929 F.2d at 481. California provides an available post deprivation remedy, Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994), which precludes Plaintiff from proceeding against Defendant Yale in this federal action for the unauthorized deprivation of Plaintiff's personal property, Hudson, 468 U.S. at 533, 104 S.Ct. at 3204. Accordingly, Plaintiff has failed to state a claim for violation of due process with respect to the seizure of his personal property.

**F.     Access to the Courts**

Plaintiff alleges that Defendant Chastine violated his right to access the courts by failing to process his application to proceed in forma pauperis. (Complaint at 3-5.) Plaintiff's allegations in this respect are vague as he does not provide any details as to what harm resulted from Chastine's actions. The Court granted Plaintiff in forma pauperis status on August 19, 2007. (ECF No. 12.) Plaintiff does not tie Chastine's alleged violation to any other litigation that he is currently pursing.

Accordingly, the Court finds that Plaintiff has failed to state a claim against Defendant Chastine for interfering with his access to the courts.

**G.     Failure to Train or Supervise**

Plaintiff brings claims against Defendant Adams, Goss, Wan, Woodford, Scribner, and Clark for failure to adequate train and supervise their employees. Under section 1983, a plaintiff must prove that defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her

own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff does not allege that any of the supervisory Defendants actually participated in the violation of his constitutional rights.  Nor does he allege that they directed the violations or knew of the violations and failed to prevent them.  His only allegations are that they generally failed to supervise and/or train their employees.  These allegations are insufficient to state a claim under section 1983.

### H.  Prison Conditions

Plaintiff alleges that his Eighth Amendment rights were violated when he was subjected to harsh prison conditions.  Specifically, he alleges that the temperature inside the jail ranged from 90 to 100 degrees in July 2006. (Am. Compl. at 3-7.) "Inadequate ventilation and air flow violates the Eighth Amendment if it undermines the health of inmates and the sanitation of the penitentiary." Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) (citing to Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985)) (internal quotations omitted).  Plaintiff's Amended Complaint fails to allege that his health was affected by the heat in the prison or that the heat affected the sanitation conditions.  A high temperature alone does not equal a constitutional violation.

Moreover, even if the heat in the prison was a constitutional violation, Plaintiff has failed to tie this violation to any particular Defendant.  There are no Defendants named in the paragraph complaining of the prison conditions.  Accordingly, the Court finds that Plaintiff has failed to state a claim for an Eighth Amendment violation based on prison conditions.

**IV.   CONCLUSION AND ORDER**

Plaintiff's Amended Complaint does not state any cognizable claims for relief under section 1983. In light of the change in the standard governing the screening of complaints and because Plaintiff may be able to cure the deficiencies in his claims, Plaintiff shall be granted another opportunity to amend. Moss, 572 F.3d at 972; Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.[1] George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should focus his second amended complaint on his claims for denial of medical treatment and excessive force.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Id. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's Amended Complaint, filed August 27, 2009, is dismissed for failure

---

[1] The Court notes that Plaintiff added a number of claims to his Amended Complaint that were not in his original complaint. Although it was not required to do so, the Court has screened and addressed all of the claims contained in the Amended Complaint. Plaintiff is advised that, should he add claims in his second amended complaint, the Court will not be so lenient. Adding claims could cause the Court to dismiss his second amended complaint in its entirety for violating Federal Rule of Civil Procedure 18.

-10-

1 | to state a claim upon which relief may be granted;

2 | 3.  Within thirty (30) days from the date of service of this order, Plaintiff shall file
3 | a second amended complaint; and

4 | 4.  If Plaintiff fails to file a second amended complaint in compliance with this
5 | order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   August 11, 2010          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE