# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE T. MOTEN,<br><br>        Plaintiff,<br><br>    v.<br><br>DARREL ADAMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:07-cv-924-AWI-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER<br><br>(ECF No. 49)<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT DUE BY FEBRUARY 7, 2011 |

Plaintiff Jesse T. Moten ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 11, 2010, the Court screened Plaintiff's Amended Complaint and found that it failed to state a claim upon which relief could be granted. (ECF No. 46.) The Court advised Plaintiff of the deficiencies in his claims and gave him until October 18, 2010 to file a second amended complaint. Before the Court is Plaintiff's "Objection to the U.S. Magistrate's Order, and Motion for Reconsideration." (ECF No. 49.)

Plaintiff contends that it was error for the Magistrate Judge to review and dismiss his complaint without requiring the Defendants appear and answer. However, the Prison Litigation Reform Act of 1995 ("PLRA") requires the Court to screen any complaint brought against a governmental entity before said complaint can be served. See 28 U.S.C. § 1915A(b)(1),(2). The Court must dismiss any complaints that fail to state a claim upon which relief can be granted. Id. In issuing the Screening Order to which Plaintiff now objects, the Magistrate Judge was fulfilling his duties under the PLRA. Thus, the

Screening Order was in compliance with the law and did not deprive Plaintiff of any constitutionally protected right.

Plaintiff also asks the Court to reconsider the merits of the Magistrate Judge's Screening Order. Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

Plaintiff cites a variety of relatively outdated cases from the United States Supreme Court in support of his argument that his complaint stated a claim upon which relief could be granted. The Court has reviewed these cases and finds that they are unpersuasive in this situation. Plaintiff has failed to show how any of the factual findings or legal conclusions in the Magistrate Judge's Screening Order are incorrect. Plaintiff's mere disagreement with the Court's order is not grounds for reconsideration.

The Court does note that on page "3-1 of 11" of the complaint, Plaintiff appears at first glance to have stated a claim against Defendant J. Gonzales. Plaintiff has alleged that Defendant J. Gonzales assaulted Plaintiff, but Plaintiff did not strike Defendant J. Gonzales. However, in the next paragraph, Plaintiff also complains that three other Defendants also assaulted him on the same day. It is unclear if these Defendants were involved in the incident relating to Defendant J. Gonzales or if they assaulted him at another time on the same day. In addition, while Plaintiff contends he never struck Defendant J. Gonzales, Plaintiff does not allege if there was no other reason for the use

of force.  As such, the Court agrees with the Magistrate Judge that additional facts concerning the events prior to the use of force are necessary.

Accordingly, Plaintiff's Motion to Reconsider is DENIED.  Plaintiff was previously advised, his second amended complaint was due October 18, 2010 and "NO FURTHER EXTENSIONS WILL BE GRANTED EXCEPT ON A SHOWING OF GOOD CAUSE".  In the interests of justice, the Court will extend Plaintiff's deadline to file a second amended complaint to February 7, 2011 in light of Plaintiff's motion for reconsideration.  However, Plaintiff is forewarned that failure to file a second amended complaint by February 7, 2011 will result in dismissal of this action.

IT IS SO ORDERED.

Dated:     January 3, 2011

CHIEF UNITED STATES DISTRICT JUDGE