UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MOTEN, | CASE NO. 1:07-cv-924-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT ALL CLAIMS EXCEPT PLAINTIFF'S EXCESSIVE FORCE CLAIM AGAINST DEFENDANT GONZALES BE DISMISSED WITH PREJUDICE |
| v. | |
| DARREL G. ADAMS, et al., | |
| Defendants. | (ECF No. 55) |
| / | OBJECTIONS DUE APRIL 20, 2011 |

Plaintiff Jesse T. Moten ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 11, 2010, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim upon which relief could be granted. (ECF No. 46.) Plaintiff filed his Second Amended Complaint on March 11, 2011. (ECF No. 55.) Plaintiff's Second Amended Complaint is now before the Court for screening.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Though Plaintiff has filed five complaints in this action, none of those have been substantively screened by the Court.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

## II.     ANALYSIS

### A.     Plaintiff's Excessive Force Claim

In its prior Screening Order, the Court dismissed Plaintiff's excessive force claim for failure to state a claim.  (ECF No. 46.)  Plaintiff moved to reconsider the ruling and, in denying the Motion to Reconsider, the District Judge noted that Plaintiff appeared likely to

have a claim for excessive force in violation of the Eighth Amendment, but that he needed to state additional facts concerning the events prior to the use of force. (ECF No. 52 at 3.)

In his Second Amended Complaint, Plaintiff has included additional facts about the disputed incident. Plaintiff alleges that he was exiting the dining hall on March 2, 2006 when Defendant J. Gonzales conducted a routine pat-down. Plaintiff and Gonzales had "an exchange of words" after which Gonzales told Plaintiff to "shut-up", became agitated and aggressive, and slammed Plaintiff's head and body to the ground. (Pl.'s Second Am. Compl. (ECF No. 55) p. 3-1.) Plaintiff alleges that he did not strike or attempt to strike Gonzales or any other officers; instead, he remained in a "secured search position" during the entire incident. (Id.)

As pled, it appears that the force used by J. Gonzales was more than *de minimis* and was not exerted in a good faith effort to maintain discipline. Thus, the Court finds that Plaintiff has stated a claim for excessive force against Defendant Gonzales.

Plaintiff also brings excessive force claims against Defendants A. Bowman, T. Cogdil, and D. Valtiera. Plaintiff alleges that, after he was assaulted and placed in a holding cell, Cogdil verbally threatened to "spray" him and beat him up. (Pl.'s Second Am. Compl. at 3-2.) Verbal harassment or threats alone do not rise to the level of an Eighth Amendment violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff fails to attribute any physical acts of force to Cogdil, Bowman, or Valtiera. As such, he has failed to state facts showing that they violated his constitutional rights.

Because Plaintiff was previously notified of the deficiencies in his claim and the appropriate legal standard and failed to amend his complaint to correct the deficiencies, the Court finds that further leave to amend is not warranted. The Court recommends that

Plaintiff's excessive force claims against A. Bowman, T. Cogdil, and D. Valtieira be dismissed with prejudice.

### B.     Other Claims in Plaintiff's Second Amended Complaint

Plaintiff's First Amended Complaint was a sixteen page time line of disjointed events. (ECF No. 39.) In its prior Screening Order, the Court attempted to parse all of the allegations and discern the constitutional violations Plaintiff was asserting or potentially could assert.  The Court construed Plaintiff's allegations as asserting claims for:  (1) excessive force, (2) denial of medical care, (3) due process in the prison grievance system, (4) due process in connection with Plaintiff's classification hearing, (5) deprivation of property without due process, (6) denial of access to the courts, and (7) unconstitutional prison conditions.  (ECF No. 46.)  The Court ultimately found that Plaintiff's factual allegations failed to state a claim upon which relief could be granted with respect to any of these claims.  (Id.)

After substantial delay, Plaintiff filed a seventeen page Second Amended Complaint. (ECF No. 55.) As noted above, Plaintiff added facts about the use of force by J. Gonzales and, with these additional facts, the Court has found that he has set forth a cognizable excessive force claim.  However, aside from this addition, the allegations in his Second Amended Complaint mirror the allegations in his First Amended Complaint.  In fact, the Second Amended Complaint appears to be a photocopy of the First Amended Complaint, except Plaintiff appears to have cut and pasted an additional paragraph into the excessive force section. (Compare ECF Nos. 39 & 55.)

The Court has already determined that the allegations in Plaintiff's First Amended Complaint failed to state a claim upon which relief could be granted.  (See ECF No. 55.)

Because Plaintiff's Second Amended Complaint simply reasserts his prior allegations, the Court finds Plaintiff's Second Amended Complaint fails to state a claim for: (1) failure to provide adequate medical care, (2) due process in the prison grievance system, (3) due process in connection with Plaintiff's classification hearing, (4) deprivation of property without due process, (5) denial of access to the courts, and (6) unconstitutional prison conditions.

In screening Plaintiff's First Amended Complaint, the Court thoroughly analyzed all of Plaintiff's claims, pointed out the deficiencies, and provided guidance as to the legal standard Plaintiff needed to satisfy to state a cognizable claim.  Despite this guidance, for the most part Plaintiff simply refiled a photocopy of his prior allegations.  Thus, the Court finds that further leave to amend would be futile and recommends that all claims except the excessive force claim be dismissed with prejudice.  See Spychala v. Borg, 875 F.2d 871 (9th Cir. 1989) (leave to amend would be futile when a plaintiff has shown the inability to comply with prior court instructions).

### III.     **CONCLUSION**

For the reasons stated above, the Court RECOMMENDS the following:

1. Plaintiff be allowed to proceed on his excessive force claim against Defendant J. Gonzales;
2. All remaining claims be dismissed with prejudice;
3. All defendants except J. Gonzales be dismissed with prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party

may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 16, 2011          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE