# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE T. MOTEN,<br><br>    Plaintiff,<br><br>v.<br><br>DARREL G. ADAMS, et al.<br><br>    Defendants.<br>_____ / | CASE NO. 1:07-cv-924-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT GONZALES' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(ECF No. 77)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I. BACKGROUND

Plaintiff Jesse T. Moten ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on June 27, 2007. (ECF No. 1.) Plaintiff filed a Second Amended Complaint on March 11, 2011. (ECF No. 55.) The Court screened Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A, and dismissed all of Plaintiff's claims and Defendants except for Plaintiff's excessive force claim against Defendant Gonzales. (ECF No. 56-59.) Defendant Gonzales has been served in this action. (ECF No. 76.)

In lieu of an answer, on December 12, 2011, Defendant Gonzales filed a motion to revoke Plaintiff's in forma pauperis status on the ground that Plaintiff is a "three-strikes" litigant. (ECF No. 77.) After reviewing the motion, the Court ordered Defendant Gonzales to produce an additional document in connection with his motion, and Defendant Gonzales

complied.  (ECF Nos. 80 & 81.)[1]  Plaintiff's time for filing an opposition to Defendant Gonzales' motion has long passed.  Local Rule 230.  Defendant Gonzales' motion is now before the Court.

## II.     LEGAL STANDARD

28 U.S.C. § 1915 governs proceedings in forma pauperis.  Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute ... lead[s] to absurd or impracticable consequences."  Seattle–First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).  The language of section 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or fails to state a claim counts as strike.  Adherence to the language of section 1915(g) by counting as strikes only those dismissals that were made upon the grounds of frivolity, maliciousness, and/or failure to state a claim does not lead to absurd or impracticable consequences.  Federal courts are well aware of the existence of section 1915(g).  If a court dismisses an action on the grounds that it is frivolous, malicious, and/or fails to state a claim, the court should state as much.  Such a dismissal may then be counted as a strike under 1915(g).

## III.    ANALYSIS

Defendant Gonzales argues that the following cases should count as strikes: 1) Moten v. Renwick, et al., E.D. Cal. 98-CV-0118, 2) Moten v. Garcia, N.D. Cal.

---

[1] In lieu of an opposition, Plaintiff filed a motion "for hearing on imminent endangerment of life." (ECF No. 79.)  Plaintiff's motion cannot be construed as an opposition to Defendant Gonzales' motion because it is based on information irrelevant to the 28 U.S.C. § 1915(g) imminent danger analysis.

03-CV-01581, 3) Moten v. Garcia, et al., 9th Cir. 05-56046, 4) Moten v. Small, et al., S.D. Cal. 99-CV-2409, 5) Moten v. Small, et al., 9th Cir. 03-56731, 6) Moten v. Small, et al., 9th Cir. 04-55692, 7) Moten v. Giurbino, et al., E.D. Cal. 04-CV-1891, 8) Moten v. Gomez, et al., E.D. Cal. 03-CV-1729, 9) Moten v. Gomez, at al., 9th Cir. 05-17037, 10) Moten v. Gomez, et al., 9th Cir. 06-17020, 11) Moten v. Adams, E.D. Cal. 06-CV-1155, 12) Moten v. Yale, (Cal. Super. Ct. Kings County, No. 08C 0068), and 13) Moten v. Maylin, et al., (Cal. Super. Ct. Kings County, No. 08CV0906).  Defendant Gonzales also points out that none of Plaintiff's forty-three lawsuits in the Ninth Circuit, Eastern District of California, and Central District of California have been decided in his favor.

The Court takes judicial notice of the above actions.

The following cases cited to by Defendant Gonzales do not count as a dismissal pursuant to 28 U.S.C. § 1915(g):  Moten v. Garcia, N.D. Cal. 03-CV-01581 (dismissed for incorrect venue), Moten v. Garcia, et al., 9th Cir. 05-56046 (Appeal dismissed for failure to prosecute as a result of failing to pay filing fee), Moten v. Small, et al., S.D. Cal 99-CV-2409 (motion to dismiss granted for failure to state a claim and failure to exhaust administrative remedies), Moten v. Small, et al., 9th Cir. 03-56731 (appeal dismissed for failure to prosecute), Moten v. Small, et al., 9th Cir. 04-55692 (appeal dismissed for failure to prosecute), Moten v. Gomez, et al., 9th Cir. 05-17037 (appeal dismissed for failure to prosecute), Moten v. Gomez, et al., 9th Cir. 06-17020 (appeal dismissed for failure to prosecute), Moten v. Adams, E.D. Cal. 6-CV-1155 (dismissed for failure to exhaust administrative remedies), Moten v. Yale (Cal. Super. Ct. Kings County, No. 08C 0068)(Plaintiff declared to be a vexatious litigant), and Moten v. Maylin, et al. (Cal. Super. Ct. Kings County, No. 08CV0906)(Plaintiff declared to be vexatious litigant).

However, it appears that the other three cases cited to by Defendant Gonzales would count as strikes pursuant to 28 U.S.C. § 1915(g).  According to the docket entry for Moten v. Renwick, et al., E.D. Cal. 98-CV-0118, this action was dismissed for failure to state a claim on June 12, 2001.  This is a dismissal pursuant to 28 U.S.C. § 1915(g).  According to the docket entry for Moten v. Giurbino, et al., E.D. Cal. 04-CV-1891, this

action was dismissed for failure to state a claim on November 24, 2004. This is a dismissal pursuant to 28 U.S.C. § 1915(g). According to the docket entry for Moten v. Gomez, et al., E.D. Cal. 03-CV-1729, this action was dismissed as frivolous and for failure to state a claim on September 19, 2006. This is a dismissal pursuant to 28 U.S.C. § 1915(g).

The Court concludes that Plaintiff has thus accrued three strikes pursuant to 28 U.S.C. § 1915(g).[2] Because Plaintiff was subject to the three strikes provision of § 1915(g) since at least September 19, 2006, he may not proceed in forma pauperis in this action unless, at the time of the filing of this action, he was under imminent danger of serious physical injury. Plaintiff's original Complaint alleged that CSP-Corcoran had inadequate cooling systems for inmates during the summer, inmates had been subject to "contrived emergency lock-downs," and that his religious needs were not being met by prison officials. (Compl., ECF No. 1 at 3-8.) Plaintiff made general allegations about how the heat conditions amounted to cruel and unusual punishment, but failed to allege how the heat conditions posed an immediate threat to him. Plaintiff's allegations of imminent danger of serious physical injury at the time he initiated this action are speculative and are not sufficient for imminent danger under the three strikes provision of § 1915(g). See Andrews, 493 F.3d at 1057, n. 11 ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful.").[3]

The Court will recommend revocation of Plaintiff's in forma pauperis status and will recommend that Plaintiff be provided with the opportunity to pay the filing fee in full.

IV.     **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion to revoke Plaintiff's in forma pauperis status, filed December 11, 2011, should be GRANTED;

---

[2] Plaintiff has not disputed this in an opposition or in his Motion for Endangerment of Life. (ECF No. 79.)

[3] The Court also notes that Plaintiff did not raise this claim again in his First or Second Amended Complaints and that Plaintiff is only currently proceeding on his excessive force claim against Defendant Gonzales. (ECF Nos. 39, 46, 55, & 56.)

1   2.   Plaintiff's in forma pauperis status should be REVOKED;

2   3.   Plaintiff be ordered to pay the full $350.00 filing fee within fourteen (14) days
3         from the date of service of the District Judge's order adjudicating these
4         Findings and Recommendations; and

5   4.   Failure to timely pay the full filing fee should result in dismissal of this action
6         without prejudice.

7   These Findings and Recommendations are submitted to the United States District
8   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
9   Within fourteen (14) days after being served with these Findings and Recommendations,
10  any party may file written objections with the Court and serve a copy on all parties. Such
11  a document should be captioned "Objections to Magistrate Judge's Findings and
12  Recommendations." Any reply to the objections shall be served and filed within ten days
13  after service of the objections. The parties are advised that failure to file objections within
14  the specified time may waive the right to appeal the District Court's order. Martinez v. Y1
15  st, 951 F.2d 1153 (9th Cir. 1991).

18  IT IS SO ORDERED.

19  Dated:   June 28, 2012           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE