# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MOTEN,<br><br>            Plaintiff,<br><br>     v.<br><br>DARREL ADAMS, et al.,<br><br>            Defendants. | CASE NO. 1:07-cv-0924-AWI-MJS PC<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 88)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Jesse Moten ("Plaintiff"), a state prisoner formerly proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 27, 2007. On review and for good cause, the Court revoked Plaintiff's in forma pauperis status and, when Plaintiff failed to pay the requisite filing fee, dismissed this action. (ECF Nos. 84, 86.) This case was closed on August 13, 2012. (ECF No. 87.)

On December 20, 2012, Plaintiff filed a motion for reconsideration. (ECF No. 88.) Plaintiff's motion is difficult to understand, but appears to seeks reconsideration of the dismissal due to Plaintiff's failure to pay the filing fee. (ECF No. 84.) It also seeks reconsideration of the Court's recommendation for the dismissal of certain claims and defendants. (ECF No. 56.) Defendant Gonzales has filed an opposition. (ECF No. 89.) Plaintiff has failed to file a reply in a timely manner. Pursuant to Local Rule 230(l), Plaintiff's motion is now ready for ruling.

## I. LEGAL STANDARD

Fed. R. Civ. P. 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## II. DISCUSSION

Plaintiff disagrees with several of the Court's decisions. He primarily disagrees with the Court's decision to dismiss certain claims and defendants. (ECF Nos. 56, 59.) The Court screened Plaintiff's Second Amended Complaint, determined that Plaintiff had only stated a claim against Defendant Gonzalez, and dismissed Plaintiff's other claims and Defendants. (Id.)

Plaintiff also disagrees with the Court's decision to revoke Plaintiff's in forma pauperis status and dismiss his Second Amended Complaint due to his failure to pay the filing fee. (ECF Nos. 84, 86.)

Defendant Gonzales had filed a motion to review Plaintiff's in forma pauperis status because Plaintiff was subject to the "three strikes" provision under 28 U.S.C. § 1915(g). (ECF No. 77.) The Court reviewed Plaintiff's litigation history and concluded that Plaintiff had accrued three strikes, i.e., he had two prior cases dismissed for failure to state a claim and one prior case dismissed as frivolous. (ECF No. 84.) The Court gave Plaintiff fourteen days to pay the full filing fee. When Plaintiff failed to do so, the Court dismissed his action for failure to obey a court order. (ECF Nos. 84, 86.)

Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

Plaintiff's disagreement with the Court's decisions is not grounds for reconsideration. Plaintiff alleges the Court "injudiciously" dismissed certain claims and defendants and failed to address all the claims raised in his Second Amended Complaint. (ECF No. 88.) The Court's second screening order (ECF No. 56 at 4) advised Plaintiff that the Court's original screening order had contained a thorough analysis of the identical claims and an explanation for their rejection. Plaintiff was referred to the initial screening order for instruction as to what would be necessary to state cognizable claims.

Regardless, the Court dismissed Plaintiff's action because Plaintiff failed to pay the filing fee. Plaintiff does not dispute the validity of the Court's decision to revoke Plaintiff's in forma pauperis status and require him to pay the filing fee.

Plaintiff has failed to provide the Court with any newly discovered evidence, point to any clear error, or suggest there was an intervening change in the controlling law that would require the Court to grant his motion for reconsideration.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, it is hereby RECOMMENDED that Plaintiff's motion for reconsideration

3

(ECF No. 88) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 29, 2013          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE